## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

MARCUS D. WILLIAMS                                             PLAINTIFF

V.                                    CIVIL ACTION NO. 5:14cv52-DCB-JCG

FRANK SHAW, ET AL.                                           DEFENDANTS

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment [53], filed by Frank Shaw, Tommy Smith, Danny Jones, Sarah Davis and Management Training Corporation ["Defendants"].  Marcus D. Williams ["Plaintiff"] has filed a Response [58], as well as numerous other letters and pleadings that the Court has considered.  On June 9, 2015, Defendants filed a Reply [60].  Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections ["MDOC"], serving a life sentence for murder.  He is proceeding in this suit *pro se* and *in forma pauperis*.

An omnibus hearing, which also served as a *Spears*[1] hearing, was held on May 12, 2015.  At the omnibus hearing, Plaintiff was able to provide additional details surrounding his claims. Having considered the submissions of the parties, the pleadings and record on file, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Motion for Summary Judgment [53] be granted inasmuch as Plaintiff has failed to exhaust his available administrative remedies.

_____

[1]*Spears. v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff  filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on June 30, 2014, advancing a failure to protect claim and a claim for denial of medical care against the named defendants and seeking $200,000.00 in damages. Compl. [1] at p. 6.  Plaintiff's Complaint alleges that on or about April 17, 2014, while he was housed at the Wilkinson County Correctional Facility ["WCCF"] Defendants failed to protect him from an attack.  Specifically, Plaintiff states that:

> [a] number of prison officials stood by and allowed a number of gang affiliated inmates stab me repeatedly, and did nothing to stop or prevent the attack. . . . When I was returned to the facility, I was placed in lock down. No shakedown was conducted to find the weapons used in the attack, the staff never asked me . . . to identify the attackers, and no form of punishment was meted out to anyone besides myself who was the victim in this cause of action.

*Id*. at p. 6.

Plaintiff filed Motions [2, 8] for Leave to Proceed *in forma pauperis*, which the Court granted by Order [9] entered on August 6, 2014.  Answers were filed on behalf of Unknown Davis, D. Jones, Management Training Corporation, Frank Shaw, and Unknown Smith [22] on September 16, 2014. An Answer [27] was filed on behalf of Christopher Epps on October 9, 2014.  On April 29, 2015, an Answer [50] was filed on behalf of Jessica Williams and Karena McClain-Davis.

On May 12, 2015, the Court conducted the omnibus hearing wherein Plaintiff clarified his claims by his sworn testimony.   During the course of the hearing, Plaintiff moved to dismiss his denial of medical care claim against Jessica Williams and Karen McClain-Davis.  On May 14, 2015, an Order [52] was entered which: 1)

2

incorporated  Plaintiff's representation that he no longer was pursuing a denial of medical care claim; and 2) dismissed Jessica Williams and Karen McClain-Davis as named defendants.  Order [52], at p. 3.

On May 20, 2015, Defendants filed the instant Motion [53] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies.[2] Plaintiff filed a Response [58] on June 9, 2015, and Defendants filed a Rebuttal [60].

## II. ANALYSIS

A.   Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit,* 806 F.2d 1294, 1296-97 (5th Cir. 1987).  "The requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)(emphasis in original).  In other words, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  "The Court reviews all evidence in a

---

[2]On May 27, 2015, Plaintiff filed a Motion [57] seeking in part to Voluntarily Dismiss Defendants Management & Training Corporation and Christopher Epps. Plaintiff's request to dismiss was granted by Order [61] entered on June 11, 2015, and Management & Training Corporation and Christopher Epps were thereafter terminated as Defendants in the above captioned cause.

light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party." *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 391 (5th Cir. 2009); *see also Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013).

B.    Exhaustion

      1.    The PLRA

      "Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts." *Jones v. Bock,* 549 U.S. 199, 203 (2007)(citing *Woodford v. Ngo,* 548 U.S. 81, 84 (2006)). "Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Id.*

      A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

      "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford,* 548 U.S. at 84. "The PLRA attempts to eliminate

4

unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter,* 534 U.S. at 525).[3]

Proper exhaustion is required.  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Id.* at 83-84:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules.  A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."  *Dillon v. Rogers,* 596 F.3d 260, 272 (5th Cir. 2010).  "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury."  *Id.*

---

[3] "In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate thereby obviating the need for litigation.  In other instances, the internal review might filter out some frivolous claims.  And for cases ultimately brought to federal court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy."  *Porter,* 534 U.S. at 525 (internal citations and quotations omitted).

2.    <u>MDOC's ARP Process</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities.  Miss. Code Ann. § 47-5-801.  MDOC has implemented an Administrative Remedy Program ("ARP") through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.  *See* MDOC Inmate Handbook, Ch. III, Administrative Remedy Program.[4]  Effective September 19, 2010, the ARP is a two-step process.  *Threadgill v. Moore,* No. 3:10cv378, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Inmates are required to initially submit their grievances in writing to the prison's legal claims adjudicator within thirty days of the incident.  *Howard v. Epps,* No. 5:12cv61, 2013 WL 2367880, *2 (S.D. Miss. May 29, 2013).  The adjudicator screens the grievance and determines whether to accept it into the ARP process.  *Id.*  If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate.  *Id.*  If the inmate is unsatisfied with the First Step Response, he may continue to the second step by completing an appropriate ARP form and sending it to the legal claims adjudicator.  *Id.*  The Superintendent, Warden, or Community Corrections Director will issue a final ruling, or Second Step Response.  *Id.*  If the inmate is unsatisfied with the Second Step Response, he may file suit in state or federal court.  *Id.*

---

[4]http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

3.    Defendants' Motion for Summary Judgment

Plaintiff's Complaint [1] was filed June 30, 2014, and states in part that "after I filed a grievance [ARP] on the matter to the MDOC Commissioner Mr. Epps, I was transferred to the South Mississippi Correctional Institution in Leakesville, Mississippi."  Compl. [1] at p. 8.

In support of their Motion for Summary Judgment, Defendants have attached a certified copy of Plaintiff's ARP# MTC/WCCF 14-233, executed by Sherry Rowe, the ARP Grievance Officer and duly authorized records custodian for the MDOC Administrative Remedy Program.  R. [53-1], Certificate of Authenticity, att. as Ex. "1" to Mot. for Summ. J., at p. 1. According to the records, Plaintiff's Second Step was received on May 27, 2014, and signed as accepted on June 24, 2014.  *Id*. at pp. 2-3.  The MDOC's response to Plaintiff's Second Step was issued on July 7, 2014.  *Id*. at p. 5.  Plaintiff signed the final ARP decision/ruling on August 21, 2014. *Id*. at pp. 5-7.

Plaintiff, in his Response [58], attaches a "Copy of First Grievance" outlining his allegations. This document is neither signed nor dated, and does not contain a file stamp.   Plaintiff also includes a copy of his "Second Request" dated May 20, 2014, as "SMCI Approved Legal Mail" and May 27, 2014, as "Received."  Resp. [58] at pp. 6-8.  Nothing contained within Plaintiff's submissions indicate completion of the MDOC ARP process prior to June 30, 2014, the date Plaintiff filed the Complaint in this cause.

The law is clear that "[i]t is not enough to merely initiate the grievance

7

process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Tompkins v. Holman*, No. 3:12CV87, 2013 WL 1305580, at *1 (S.D. Miss. Mar. 26, 2013) (citing *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)).

The record clearly indicates that Plaintiff did not complete the ARP grievance process relating to the April 2014 allegations prior to filing suit in this Court. The Certificate of Authenticity and the documents contained therein constitute uncontroverted evidence in support of Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies.  Plaintiff cannot undermine the ARP process by initiating litigation in this Court prior to exhausting his administrative remedies.  The undersigned concludes that Defendants have satisfied their burden of showing that there is no genuine dispute as to any material fact regarding Plaintiff's failure to exhaust his administrative remedies.

4.   Plaintiff's Claims against Delanie Ross and Latonia Anthony

Plaintiff named Delanie Ross and Latonia Anthony as Defendants in his Complaint [1].   These two former WCCF employees have not been properly served with process.  However, because Plaintiff has not exhausted his administrative remedies, it is the opinion of the undersigned that Plaintiff's claims against Ross and Anthony should be dismissed.

In *Jennings v. GEO Grp., Inc.*, No. 3:13cv938, 2014 WL 1794687 (S.D. Miss. May 6, 2014), Plaintiff's Complaint was dismissed against both served and unserved defendants based upon his failure to exhaust administrative remedies

8

prior to filing suit:

> The Fifth Circuit has confirmed that 'the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary,' and that 'district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement.' *Gonzalez v. Seal,* 702 F.3d 785, 787–88 (5th Cir. 2012) . . . The Court specifically stated: **'District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. **Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.'**

*Jennings*, at *2 (quoting *Gonzales*, 702 F.3d at 788 (emphasis in original); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)("court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

The record before the Court demonstrates that Plaintiff initiated his Complaint in this Court prior to exhausting his administrative remedies. Accordingly, Plaintiff's Complaint [1] should be dismissed against Delanie Ross and Latonia Anthony for failure to state a claim upon which relief can be granted.

C.    Failure to Prosecute

Alternatively, the undersigned is of the opinion that Plaintiff's claims asserted against Delanie Ross should be dismissed based upon Plaintiff's failure to effectuate proper service of process. The Court issued summonses were returned executed as to Delanie Ross and Latonia Anthony on October 2, 2014 [25, 26]. However, during the course of the omnibus hearing counsel for Defendants represented to the Court that service of process was ineffective.  Defendants subsequently filed a Notice of Compliance [51] stating in part that "Delanie Ross

9

and Latonia Anthony were formerly employed at Wilkinson County Correctional

Facility, and these Defendants have no last known address for either Ross or

Anthony." Not. [51] at p. 1.

On May 14, 2015, an Order [52], addressing the status of these individuals,

was entered:

> Defendants Ross and Anthony were formerly employed at Wilkinson
> County Correctional Facility. Ross and Anthony have not been properly
> served, and defense counsel for Management & Training Corporation has
> informed the Court that Defendants have no last known address for
> either Ross or Anthony. "Because Plaintiff is pro se, and incarcerated, the
> Court does assist him in issuing process and in having the summons
> served . . . through the authority of 28 U.S.C. § 1915. However, the Court
> does not have the staff to assist civil litigants in investigating and
> determining names and addresses of proposed Defendants. Neither does
> the Court have jurisdiction over the prison or the individual Defendants
> to order that they accept process on behalf of persons no longer employed
> there. **It is ultimately Plaintiff's responsibility to determine the
> identity and address of those he wishes to sue, even though he is
> in prison.** He may request his relatives or outside sources for assistance
> in this regard." *Vance v. Sgt. Green et al,* No. 4:12cv142-HTW-LRA (S.D.
> Miss. July 19, 2013)(emphasis added). The Court does not have
> jurisdiction over Defendants Ross and Anthony until they are properly
> served. To accomplish service, it is Williams' responsibility to obtain
> current addresses for Ross and Anthony. When Williams' obtains these
> addresses, he must file a motion requesting that summonses be reissued
> for Ross and Anthony.

Order [52] at p. 3 (emphasis in original).

On July 9, 2015, Plaintiff filed a "Motion in Regard to Defendants Last

Known Address" once more seeking the Court's assistance with obtaining an

address for Ross.[5]  An Order [64] was entered denying Plaintiff's request.  The

---

[5]Plaintiff, in this Motion, provided an address for Latonia Anthony.
Notwithstanding, the undersigned is of the opinion that the basis for summary

Court advised that it "does not have the staff to assist civil litigants in investigating and determining names and addresses of proposed defendants. The Court likewise does not have jurisdiction over the prison to order that process be accepted on behalf of persons no longer in their employ.  It is ultimately Plaintiff's responsibility to determine the identity and address of those he wishes to sue." Order [64], at p. 2.

During the omnibus hearing, both the Court and Plaintiff were made aware that Ross and Anthony were no longer employed at WCCF and there were no forwarding addresses on record.  Plaintiff has since filed numerous requests seeking the same relief, namely the Court's assistance in obtaining addresses for these two individuals.   Plaintiff's requests have been denied. *See* Order [64] and TEXT ONLY ORDER entered November 19, 2015.

Pursuant to Federal Rule of Civil Procedure 4(m),

If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).

Plaintiff has been advised on numerous occasions that it is his responsibility

---

judgment asserted by the served Defendants, namely that Plaintiff failed to properly exhaust his administrative remedies prior to filing the above captioned cause, is applicable to all named Defendants, including former WCCF employee Latonia Anthony.

to determine the address for Ross, and to date, he has not done so.  The undersigned recommends dismissal of Delanie Ross based on Plaintiff's failure to prosecute this case against her.  The Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order." *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link, supra*, 370 U.S. at 630.  A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court. *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).

Plaintiff has had over five months to comply with the Court's directive, and his failure to provide the requisite information in order to effectuate service of process on Ross, as required by Federal Rule of Civil Procedure 4(m), has unnecessarily delayed the resolution of this case.

D.    Three Strike Provision Under the Prison Litigation Reform Act of 1996

   The Prison Litigation Reform Act of 1996 ("PLRA") applies to civil suits filed by prisoners regarding prison conditions.  Under the PLRA, the Court shall dismiss a case at any time that it determines the case is frivolous or malicious, fails to state a claim, or seeks damages from a defendant that is immune from damages.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).  If a prisoner complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the prisoner may be assessed a strike.  28 U.S.C. § 1915(g).  If a prisoner receives three strikes, he may no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury.  *Id.*

   Plaintiff has accumulated two strikes under the PLRA. *See Williams v. Caskey,* Civ. Act. No. 4:08cv21-LRS (S.D. Miss. Nov. 2, 2010); and *Williams v. Corr. Corp. Amer.*, Civ. Act. No. 5:13cv117-KS-MTP (S.D. Miss. Jan. 13, 2014). In the present case, Plaintiff was obligated to properly exhaust the ARP process before pursuing his claims in federal court. Instead, Plaintiff filed this lawsuit knowing that he had not properly exhausted the ARP process.   This is evident from Plaintiff's Complaint and accompanying arguments along with admissions during the omnibus hearing.  Because Plaintiff's failure to exhaust his claims is readily apparent and was known to Plaintiff before filing suit in this Court, it is the opinion of the undersigned that a strike may be warranted pursuant to 28 U.S.C. § 1915(g). *Emmett v. Ebner,* 424 F. App'x 492, 494 (Apr. 29, 2011); *Green v. Little,* No.

3:14cv629, 2015 WL 898218, *2 (S.D. Miss. Mar. 3, 2015).

## III. RECOMMENDATION

For the reasons stated herein, the undersigned is of the opinion that the Motion for Summary Judgment [53], filed by Frank Shaw, Tommy Smith, Danny Jones, and Sarah Davis should be **GRANTED**, and the Complaint [1] filed by Marcus D. Williams should be dismissed against these named Defendants.

The undersigned further recommends that based upon Plaintiff's failure to timely exhaust his administrative remedies, his Complaint should be dismissed as to Delanie Ross and Latonia Anthony for failure to state a claim.

The undersigned alternatively recommends that Plaintiff's claims against Delanie Ross should be dismissed as Plaintiff has failed to provide the Court with the required information in order to effectuate proper service of process pursuant to Federal Rule of Civil Procedure Rule 4(m).

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

14

recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  **SO ORDERED AND ADJUDGED**, this the 18th day of December, 2015.


      *s/ John C. Gargiulo*
      **JOHN C. GARGIULO**
      **UNITED STATES MAGISTRATE JUDGE**