```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


MARCUS D. WILLIAMS                                        PLAINTIFF

VS.                           CIVIL ACTION NO. 5:14-cv-52(DCB)(JCG)

FRANK SHAW, ET AL.                                       DEFENDANTS
```

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge John C. Gargiulo's Report and Recommendation **(docket entry 71)**, and on the plaintiff's Objections thereto (docket entry 72). Having carefully reviewed same, as well as the other pleadings in this case, the Court finds as follows:

Magistrate Judge Gargiulo notes that the plaintiff, Marcus D. Williams, alleges that while he was housed at the Wilkinson County Correctional Facility ("WCCF") the defendants failed to protect him from an attack by other inmates. At an omnibus hearing held May 12, 2015, the petitioner moved to dismiss his denial of medical care claim against Jessica Williams and Karen McClain-Davis, and an Order was entered to that effect. The defendants subsequently filed a motion for summary judgment on the remaining claim based on the petitioner's failure to exhaust administrative remedies.

In his thorough Report and Recommendation, Magistrate Judge Gargiulo reviews the record in this case and concludes that "[t]he record clearly indicates that Plaintiff did not complete the ARP grievance process relating to the April 2014 allegations prior to

filing suit in this Court." R&R, p. 8. The Report and Recommendation further recommends that the motion for summary judgment **(docket entry 53)** filed by Frank Shaw, Tommy Smith, Danny Jones, and Sarah Davis should be granted, and the Complaint filed by Marcus D. Williams should be dismissed against these named Defendants. The magistrate judge further recommends that based upon plaintiff's failure to timely exhaust his administrative remedies, the Complaint should be dismissed as to Delanie Ross and Latonia Anthony for failure to state a claim. Finally, it is recommended that pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), which applies to civil suits filed by prisoners regarding prison conditions, the Court should dismiss this case as frivolous and malicious, and for failure to state a claim. It is also recommended that the plaintiff be assessed a strike pursuant to 28 U.S.C. § 1915(g). A prisoner who receives three strikes may no longer proceed in forma pauperis in a civil suit unless he is in imminent danger of serious physical injury. Id.

The plaintiff has accumulated two strikes under the PLRA. See Williams v. Caskey, Civ. Act. No. 4:08cv21-LRS (S.D. Miss. Nov. 2, 2010); and Williams v. Corr. Corp. Amer., Civ. Act. No. 5:13cv117-KS-MTP (S.D. Miss. Jan. 13, 2014). In the present case, the plaintiff was obligated to properly exhaust the ARP process before pursuing his claims in federal court. Instead, Plaintiff filed this lawsuit knowing that he had not properly exhausted the ARP

process. This is evident from the plaintiff's Complaint and accompanying arguments along with admissions during the omnibus hearing. Because the plaintiff's failure to exhaust his claims is readily apparent and was known to plaintiff prior to his filing suit in this Court, a third strike is warranted pursuant to 28 U.S.C. § 1915(g). Emmett v. Ebner, 424 F.App'x 492, 494 (Apr. 29, 2011); Green v. Little, No. 3:14cv629, 2015 WL 898218, *2 (S.D. Miss. Mar. 3, 2015).

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge John C. Gargiulo's Report and Recommendation **(docket entry 71)** is ADOPTED as the findings of this Court;

FURTHER ORDERED that the motion for summary judgment **(docket entry 53)** filed by Frank Shaw, Tommy Smith, Danny Jones, and Sarah Davis is GRANTED, and all claims against said defendants are dismissed with prejudice;

FURTHER ORDERED that all claims against defendants Delanie Ross and Latonia Anthony are dismissed for failure to state a claim;

FURTHER ORDERED that this dismissal counts as a "third strike" against the plaintiff pursuant to 28 U.S.C. § 1915(g) which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In addition, the Clerk of Court is directed to not accept any new complaint or petition from the plaintiff in any capacity until he has received written permission to file a complaint or petition, in advance, from a judicial officer in the Southern District of Mississippi.

A final judgment dismissing this action in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 17th day of March, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE